**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| WILLIAM M. McCAVEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-00890-RWS |
| MARSHA DEBRA GOLD, GARY | : | |
| MARKWELL & PC, GEORGIA | : | |
| LORD, PAST CHIEF JUDGE | : | |
| CYNTHIA D. WRIGHT, JUDGE | : | |
| GAIL S. TUSAN, JUDGE | : | |
| BENSONETTA T. LANE, JOHN | : | |
| EAVES, CHARLES L. RUFFIN, | : | |
| DR. HOWARD DRUTMAN, and | : | |
| DOE INSURER (all in an | : | |
| individual and official capacity), | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

This case comes before the Court on Judge Defendants' Pre-Answer

Motion to Dismiss Plaintiff's Complaint [6], Defendant Georgia Lord's Motion

to Dismiss Plaintiff's Complaint [8], Defendant Marsha Debra Gold's Motion

to Dismiss Plaintiff's Complaint [13], Special Appearance and Defendant

[Charles Ruffin]'s Motion to Dismiss [15], Defendants Gary Markwell's and

and Gary J. Markwell, P.C.'s Motion to Dismiss [16], Defendant Dr. Howard

Drutman's Pre-Answer Motion to Dismiss Plaintiff's Complaint [24], Fulton County Commission Chairman John Eaves' Motion to Dismiss [41], and Defendant Marsha Debra Gold's Motion for Rule 11 Sanctions Against Plaintiff and Brief in Support [43].  After reviewing the record, the Court enters the following order.

This case arises out of Plaintiff's divorce proceedings in the Superior Court of Fulton County, Georgia, No. 2010CV192894 (the "divorce action"). Defendant Judge Bensonetta T. Lane was the judge presiding over Plaintiff's divorce action.  Plaintiff also names Fulton Superior Court Judge Gail S. Tusan, who presided over a mandamus petition Plaintiff filed against Judge Lane,  and then-Chief Judge Cynthia D. Wright as defendants.  Collectively, these defendants are styled the "Judge Defendants."

Defendant Marsha Debra Gold is the guardian ad litem who was appointed to represent the best interests of the minor children in the divorce action.  Plaintiff also names Dr. Howard Drutman, the court-appointed custody evaluator, and Gary Markwell,[1] his ex-wife's counsel, as Defendants.  Finally,

---

[1]  Plaintiff names "Gary Markwell &PC" in the Complaint.  Because Defendants Gary Markwell and his separate professional corporation, Gary J. Markwell, P.C., found this designation "unclear," they submit a motion to dismiss [16]

Plaintiff names John Eaves, Chairman of the Fulton County Commission, and

Charles L. Ruffin, then-President of the State Bar of Georgia.  Plaintiff names

all Defendants "[i]n an individual capacity, and official capacity."  (Compl.,

Dkt. [1] at 1.)

Plaintiff brings this action under 42 U.S.C. § 1983, 42 U.S.C. § 1988, 18

U.S.C. § 241, and various state statutes alleging that Defendants engaged in "a

pattern of misconduct, collusion, conspiracy, and bias" that violated his rights

under the United States Constitution in numerous ways during the divorce

proceedings.  (See Compl., Dkt. [1] ¶ 7.)  Plaintiff seeks monetary damages

from each Defendant in the amount of $2 million, injunctive relief, and interest

and costs.  (Id. ¶16.)  Defendants move to dismiss based on grounds that can be

grouped into three categories: (1) lack of subject matter jurisdiction,

(2) immunity, and (3) failure to state a claim.  (See Motions to Dismiss, Dkt.

[6], [8], [13], [15], [16], [24], [41].)  Defendants also move to strike Plaintiff's

amended complaint [38] and for Rule 11 sanctions against Plaintiff [43].  The

Court now considers each motion in turn.

---

on behalf of both Gary Markwell, individually, and Gary J. Markwell, P.C.  (Dkt. [16]
at 1, n.1.)

I.      **Defendants' Motions to Dismiss [6], [8], [13], [15], [16], [24], [41]**

A.      Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

At the motion to dismiss stage, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set forth in the complaint.  Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260

4

(11th Cir. 2009) (citing Iqbal, 556 U.S. at 678).  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not

suffice."  Iqbal, 556 U.S. at 678.  Furthermore, the court does not "accept as

true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at

555.

   "The district court generally must convert a motion to dismiss into a

motion for summary judgment if it considers materials outside the complaint."

D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also FED. R.

CIV. P. 12(d).  However, documents attached to a complaint are considered part

of the complaint.  FED. R. CIV. P. 10(c).  Documents "need not be physically

attached to a pleading to be incorporated by reference into it; if the document's

contents are alleged in a complaint and no party questions those contents, [the

court] may consider such a document," provided it is central to the plaintiff's

claim.  D.L. Day, 400 F.3d at 1276.  At the motion to dismiss phase, the Court

may also consider "a document attached to a motion to dismiss . . . if the

attached document is (1) central to the plaintiff's claim and (2) undisputed."  Id.

(citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed'

means that the authenticity of the document is not challenged."  Id.

AO 72A
(Rev.8/82)

Finally, because Plaintiff is acting pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

B.    Analysis

The Court begins by considering whether it has subject matter jurisdiction to entertain Plaintiff's Complaint. "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 n. 6 (11th Cir. 2001). Accordingly, the Court first inquires whether this action is barred by the *Rooker-Feldman* doctrine and thus due to be dismissed for lack of jurisdiction. See Cormier v. Horkan, 397 Fed. App'x 550 (11th Cir. 2010) (vacating the district court's dismissal of a complaint alleging constitutional and statutory violations in connection with

6

state court divorce proceedings for failure to state a claim and remanding with instructions to dismiss for lack of jurisdiction under *Rooker-Feldman*).

After thorough review of the record and the parties' briefs, the Court concludes that Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine and is due to be dismissed for lack of subject matter jurisdiction. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

The *Rooker-Feldman* doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Nicholson v. Shafe, 558 F.3d 1266, 1268 (11th Cir. 2009) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)). While the Supreme Court has clarified that the scope of the doctrine is narrow, it continues to apply with full force to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

7

The Court begins by addressing whether Plaintiff's state court proceedings have ended for *Rooker-Feldman* purposes.  The Eleventh Circuit in Nicholson adopted three tests articulated by the First Circuit.  See Nicholson, 558 F.3d at 1275 (citing Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 24-27 (1st Cir. 2005)).  Cases in state court have ended:

> (1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, (2) if the state action has reached a point where neither party seeks further action, and (3) if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated.

Nicholson, 558 F.3d at 1275 (internal quotations omitted).  Neither the first nor the third situations apply in this case.  The state court proceedings have, however, ended for *Rooker-Feldman* purposes because the second test has been satisfied.  The Eleventh Circuit adopted the First Circuit's explanation of the second scenario: "if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended." Id. (quoting Federación, 410 F.3d at 24).  Here, Plaintiff's divorce action was resolved by jury verdict on April 17, 2012,  (Ex. A to Compl., Dkt. [1-1]), and

8

Judge Lane entered a Final Judgment and Decree on May 9, 2012.  (Ex. A to Def. Gary Markwell's and Gary J. Markwell, P.C.'s Mot. to Dismiss).[2]  Plaintiff had thirty days to appeal that judgment to the Georgia Court of Appeals.  GA. CT. APP. R. 32.  While the Complaint is difficult to decipher, Plaintiff claims that "[d]iscretionary application for appeals were put forth in some instance and were rejected by the Georgia Supreme Court. . . . [F]urther appeals were deemed fruitless."  (Compl., Dkt. [1] ¶¶ 5-6.)  No facts in the Complaint indicate an appeal is currently pending in the divorce action.  Accordingly, the Court finds that state proceedings ended before the district court proceedings commenced.

The Supreme Court has also cautioned that *Rooker-Feldman* does not apply when "there is parallel state and federal litigation," and that "the pendency of an action in state court" precludes application of *Rooker-Feldman*. Velazquez v. South Florida Fed. Credit Union, 546 Fed. App'x 854, 858 (11th

---

[2]  The Court notes that Plaintiff has filed numerous actions in state and federal court related to his discontent with the divorce action.  See Mandamus Petition filed May 29, 2013, Ex. D to Compl., Dkt. [1-4]; see also McCavey v. McCavey-Barnett, No. 1:13-cv-03687 (N.D. Ga July 3, 2014) (order dismissing action for lack of subject matter jurisdiction).  Even if those actions were relevant for purposes of the *Rooker-Feldman* analysis, the Court is not aware of any actions that are currently pending.

Cir. 2013) (quoting Exxon Mobil, 544 U.S. at 292).  While Plaintiff's

Complaint states that "a State court appeal of claims against Gary Markwell for

other wrongs is pending in the Georgia State Court 12EV015614F," (Compl.,

Dkt. [1] ¶5), Defendant Markwell attached documentation showing that case

was affirmed by the appeals court on March 18, 2014.  (Ex. E to Def.

Markwell's Mot. to Dismiss, Dkt. [16-6].)  See D.L. Day, 400 F.3d at 1276 (a

court may consider documents attached to a motion to dismiss).  Because there

were no proceedings pending in state court at the time district court proceedings

began, there is no parallel litigation in this case.  Therefore, the Court proceeds

to the second stage in its *Rooker-Feldman* analysis.

  The Court next considers whether Plaintiff is a "state-court loser

complaining of injuries caused by state-court judgments . . . and inviting district

court review and rejection of those judgments."  Exxon Mobil, 544 U.S. at 284.

The *Rooker-Feldman* doctrine bars federal jurisdiction even where federal

claims were not fully addressed by the state court but were "'inextricably

intertwined' with the state court's judgment."  Casale v. Tillman, 558 F.3d

1258, 1260 (11th Cir. 2009) (quoting Feldman, 460 U.S. at 482 n.16).  "A claim

is inextricably intertwined if it would effectively nullify the state court

10

judgment or it succeeds only to the extent that the state court wrongly decided the issues." Id. (internal citations and quotations omitted).  Here, Plaintiff brings his action pursuant to 42 U.S.C. § 1983 and the Court must consider whether his constitutional and statutory claims are inextricably intertwined with the judgment in the divorce action.

        After reviewing Plaintiff's claims in the context of Plaintiff's allegations, the Court finds that Plaintiff's contention is, in essence, that the state divorce judgment was improperly rendered.  Plaintiff's claims, while difficult to parse from the language in the Complaint, stem from his allegation of "a pattern of misconduct, collusion, conspiracy, and bias that has permeated the Fulton County Superior Court and Courts in Georgia in general."  (Compl., Dkt. [1] ¶7.)  Specifically, Plaintiff alleges that the State Bar has trained its members to be biased, deceived litigants, and put pecuniary interests ahead of the best interests of the child; actually, he objects to the state court's reliance on the guardian ad litem's findings.  (Id.)  Plaintiff alleges that the state court engaged in tactics intentionally designed to defeat fathers in divorce cases; actually, he objects to the state court's decisions to exclude certain evidence and deny certain motions.  (Id. ¶8.)   He alleges that Ms. Gold acted in complicity with

11

the court and conformed her findings to the court's pro-mother bias; actually, he

challenges her qualifications and the basis of her findings.  (Id. ¶9.)   Plaintiff

alleges that Dr. Drutman engaged in "intentional wrongdoing, bad faith, and

collusion" in the course of his custody evaluation; actually, Plaintiff challenges

Dr. Drutman's findings.  (Id. ¶10.)   Plaintiff contends that Mr. Ruffin and the

State Bar ratified a pattern of misandry and bias against fathers in Georgia

courts; actually, Plaintiff simply seeks another theory on which to attack the

judgment in the divorce action.  (Id. ¶13.)  Further, Plaintiff alleges that Judge

Lane interfered with his due process and property rights through her handling of

the divorce action; Plaintiff levels the same allegations at Judge Tusan with

respect to his mandamus petition.  (Id. ¶11-12.)

       In short, Plaintiff asks this Court to inquire into the state court judgment

and determine that the court based its decisions not on the evidence and

submissions properly before it, but on intractable bias and misandry.  This

Court does not have jurisdiction to do so.  See, e.g., Mickens v. 10th Judicial

Circuit Ct., 458 Fed. App'x 839, 841 (11th Cir. 2012) (affirming dismissal of

§1983 action against state court judges and state officials for lack of subject

matter jurisdiction); Cormier, 397 Fed. App'x at 553-54 (remanding with

instructions to dismiss action brought against state court judge and state officials asserting constitutional violations arising from state court divorce proceedings for lack of subject matter jurisdiction); Casale, 558 F.3d at 1261 (affirming district court's dismissal of action arising from state court divorce judgment for lack of subject matter jurisdiction).

Plaintiff's constitutional and statutory claims rise and fall with the correctness of the state court's decision in the underlying divorce action. At bottom, 42 U.S.C. § 1983 is not an appropriate device for obtaining collateral review of state court judgments, as Plaintiff seeks to do here. Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Even though Plaintiff asserts that "it is futile to appeal any wrongs since the appellate courts appear complicit in the wrongdoing," (Compl., Dkt. [1] ¶12), if Plaintiff "believed the state court's result was based on a legal error, the proper response was the same one open to all litigants who are unhappy with the judgment of a trial court: direct appeal." Casale, 558 F.3d at 1261.

Because state court proceedings ended before Plaintiff filed this action and because the claims raised in the Complaint are inextricably intertwined with

AO 72A
(Rev.8/82)

the state court judgment, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction.  Accordingly, Defendants' Motions to Dismiss are **GRANTED**.

## II.       Motion to Strike Amended Complaint [38]

On June 27, 2014 Plaintiff filed his Amended Complaint for Relief for Denial of Constitutional Due Process; Conspiracy; Various Civil Rights Violations Under 42 USC 1983, Gender and Status Bias; Various Intentional Torts; Influencing an Officer of the State; Influencing a Judge; Abuse of Government Office; Injunctive Relief; Failure to Supervise and Discipline; and Other Related Claims, Including a Demand for a Jury Trial (the "Amended Complaint") [30].

Plaintiff is permitted to amend his pleading within twenty-one days of service of Defendants' initial Rule 12(b) motions; otherwise, he may amend only by leave of court or written consent of the adverse party.  FED. R. CIV. P. 15(a)(1)(B).  Plaintiff amended his Complaint on June 27, 2014, more than twenty-one days after the filing of all Motions to Dismiss except Defendant Dr. Howard Drutman's Pre-Answer Motion to Dismiss Plaintiff's Complaint [24] and Fulton County Commission Chairman John Eaves' Motion to Dismiss [41]. The Judge Defendants, Marsha Debra Gold, and Gary Markwell object to

14

Plaintiff's Amended Complaint; Defendants Gary Markwell and Gary J. Markwell, P.C. move to strike [38].

The Court has reviewed the Amended Complaint [30] and concludes that it suffers from the same issues as Plaintiff's original Complaint [1]. Accordingly, the Court will not require Defendants to re-brief the arguments made in their Motions to Dismiss.  The Amended Complaint is **DISMISSED** for the reasons discussed above in Part I.B.  Defendants Gary Markwell's and Gary J. Markwell, P.C.'s Objection to Plaintiff's Amended Complaint and Motion to Strike [38] is therefore **DENIED as moot**.

### III.    Motion for Sanctions [43]

Defendant Marsha Debra Gold seeks sanctions against Plaintiff under Rule 11.  (Def. Marsha Debra Gold's Mot. for Rule 11 Sanctions Against Pl. and Br. in Supp., Dkt. [43].)  Plaintiff has not responded to Defendant's motion.

Rule 11 of the Federal Rules of Civil Procedure states that by filing a pleading, motion, or other paper, an unrepresented party is certifying that the document he has filed "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase of litigation."  FED. R. CIV. P. 11(b)(1).  Rule 11 imposes a duty upon litigants to certify "that any

papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose."  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990); see FED. R. CIV. P. 11(b).  The rule imposes on attorneys and pro se litigants "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing" any "pleading, motion, or other paper."  Bus. Guides, Inc. v. Chromatic Commc'n Enters., Inc., 498 U.S. 533, 551 (1991); see also Thomas v. Taylor, 138 F.R.D. 614, 616 (S.D. Ga. 1991) ("*Pro se* litigants . . . must conduct a reasonable inquiry into the facts and law or face sanctions").

"Sanctions pursuant to Fed. R. Civ. P. 11 may be imposed against an attorney or a party who files a pleading that (1) has no reasonable legal basis; (2) has no reasonable factual basis; or (3) is filed for an improper purpose." Harris v. Heinrich, 919 F.2d 1515, 1516 (11th Cir. 1990).  That said, Rule 11 imposes certain procedural requirements on a party seeking sanctions under that Rule.  Specifically, Rule 11 provides:

> [A motion under Rule 11] shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

16

FED. R. CIV. P. 11(c)(1)(A).  Thus, Rule 11 contains a "safe harbor" provision that requires the party seeking sanctions to serve the motion for sanctions upon his adversary and afford him 21 days in which to withdraw or modify the objected-to submissions *before* filing the motion with the Court.  Defendant Gold has complied with Rule 11(c)(2)'s safe harbor provision by providing Plaintiff with a copy of the instant motion by mail on September 4, 2014.  (Dkt. [43] at 13.)

As discussed at length above in Part I.B, Plaintiff's Complaint is nothing more than an attempt to have this Court reconsider the state court's judgment in the divorce action.  Defendant Gold argues that Plaintiff's history of litigiousness in connection with this matter combined with Plaintiff's lack of a reasonable basis for bringing this action against her justify sanctions in this case.  The Court agrees.

The Court recognizes that Plaintiff is proceeding pro se.  However, the proscriptions of Rule 11 apply with equal force to litigants who elect to proceed pro se and Plaintiff's pro se status does not justify his bringing a complaint against Ms. Gold based on his displeasure with her performance as a guardian

AO 72A
(Rev.8/82)

ad litem in the divorce action.  See Brown v. Consol. Freightway, 152 F.R.D. 656, 660 (N.D. Ga. 1993) ("Rule 11 imposes upon both attorneys and pro se litigants the burden . . . of ascertaining that there is a reasonable basis for maintaining the action or position taken in the papers.").  In the Eleventh Circuit, "deterrence remains the touchstone of the Rule 11 inquiry."  Baker v. Alderman, 158 F.3d 516, 528 (11th Cir. 1998).  The Court sanctions Plaintiff in this case to deter him and other similarly situated plaintiffs from naming guardians ad litem in baseless lawsuits.  Guardians ad litem are appointed to represent the child's best interests.  They serve an important purpose to both the child and the court–and they should not be punished for their service by being subject to lawsuits brought by disgruntled litigants.

Accordingly, in addition to dismissing Plaintiff's Complaint with prejudice, the Court finds that Plaintiff has violated Rule 11 and that a monetary sanction against Plaintiff is appropriate.  Therefore, Defendant Gold's Motion for Sanctions [43] is **GRANTED**.

As a sanction, the Court orders Plaintiff to pay a reasonable amount of attorney's fees and expenses to Ms. Gold.  So that the Court may determine what attorney's fees and expenses are reasonable in this case, Defendant will be

AO 72A
(Rev.8/82)

permitted to file with the Court within fifteen (15) days affidavits and other

material in support of her claim for legal fees and expenses incurred as a result

of Plaintiff's Rule 11 violation.  Plaintiff may respond within fifteen (15) days

thereafter.  Plaintiff is also **DIRECTED** to file with his response evidence of

his financial condition that he may want this Court to consider in connection

with the award of sanctions, including current income from employment and

any other sources as well as the current amount of money in any checking and

savings accounts.

### Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss [6], [8], [13],

[15], [16], [24], [41] are **GRANTED**.  Plaintiff's Complaint [1] and Amended

Complaint [30] are **DISMISSED** for lack of subject matter jurisdiction.

Defendants' Motion to Strike [38] is **DENIED as moot**.

Defendant Marsha Debra Gold's Motion for Rule 11 Sanctions is

**GRANTED**.  Defendant may file with the Court, within fifteen (15) days,

affidavits and other material in support of its claim for legal fees and expenses

incurred as a result of Plaintiff's Rule 11 violation.  Plaintiff may respond

within fifteen (15) days thereafter.  Plaintiff is also **DIRECTED** to file with his

19

responses in this Court evidence of his financial condition, including current

income from employment and any other sources and current amount of money

in any checking and savings accounts.

      **SO ORDERED**, this  20th  day of January, 2015.

**RICHARD W. STORY**
United States District Judge